MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@hpl.law
ANOOJ PATEL (SBN: 300297)
E-Mail: Anooj@hpl.law
**HANKIN PATENT LAW,**
A Professional Corporation
11414 Thurston Circle
Los Angeles, CA 90049
Tel: (310) 979-3600

Attorneys for PLAINTIFF,
**IT'S A GRIND INTERNATIONAL, LLC**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IT'S A GRIND INTERNATIONAL, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Gurdeep Bains, Twin Cities Espresso Inc., a California corporation, and Does 1-5,<br><br>Defendant. | CASE No. 4:26-cv-12567<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff IT'S A GRIND INTERNATIONAL, LLC. ("IAG" or "Plaintiff"), for its Complaint for Trademark Infringement and Unfair Competition against Defendant Gurdeep Bains ("Mr. Bains"), Twin Cities Espresso Inc. ("TCW") (collectively "Defendants") and DOES 1-5, alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint includes a Claim for Relief for Trademark Infringement arising under the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq*.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because, among other things: Defendants are located in, doing business in, and providing services in California; Defendants' website is accessible in California; and Defendants have

committed, aided, abetted, contributed to and/or participated in the commission of acts giving rise to this action within this Judicial District within the State of California. Therefore, Defendants have more than minimum contacts with California and it is fair and reasonable for this Court to have personal jurisdiction over Defendants.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) at least because Defendants are doing business in this district, and has (directly and/or indirectly) committed acts of infringement in this district, having severe negative effect on Plaintiff, which is primarily located in this district and presently operates two locations in this district.

## **DIVISIONAL ASSIGNMENT**

5. Divisional Assignment in San Francisco/Oakland is appropriate at least because Defendants are doing business in this district, and has (directly and/or indirectly) committed acts of infringement in this district, having severe negative effect on Plaintiff, which is primarily located in this district and presently operates two locations in this district.

## **THE PARTIES**

6. Plaintiff IAG is a California limited liability company with a principal place of business at 2121 Watermill Road, San Ramon, California 94582.

7. IAG is the successor in interest of Retail Food Group's ("RFG") It's a Grind Coffee Houses Brand, which has offered *inter alia*, coffee, food, and related services under the Trademark IT'S A GRIND.

8. Upon information and belief, Defendant Mr. Bains, operating as LIFE'S GRIND COFFEE HOUSE, and LIFE'S A GRIND COFFEE HOUSE is an individual residing in California, with a place of business at 10420 Twin Cities Rd #10, Galt, CA 95632.

9. Upon information and belief, Defendant Twin Cities Espresso, Inc. is associated with LIFE'S GRIND COFFEE HOUSE / LIFE'S A GRIND COFFEE HOUSE, with a place of business at 10420 Twin Cities Rd #10, Galt, CA 95632.

10. Upon information and belief, Defendants Mr. Bains and TCE operate in concert with one another, and Mr. Bains treats TCE as an alter ego.

11. Upon information and belief, Defendants operate a coffee shop at 10420 Twin Cities Rd #10, Galt, CA 95632 ("the Galt Location"). Upon information and belief, Defendants are in the process of opening a second coffee shop at 8940 Elk Grove Blvd, Elk Grove, CA 95624 ("the Elk Grove Location").

12. Upon information and belief, Defendants own and operate Defendants' Website, located at the URL https://lifesgrindcoffee.com/ ("Defendants' Website"), is attached hereto as Exhibit A.

13. Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1-5, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the occurrences and damages alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to allege the true names and capacities of said DOE defendants when the same have been ascertained.

14. Defendants provides their goods and services in California.

## RELEVANT FACTS

### I. Plaintiff's Registered Trademarks and History

15. Plaintiff is the owner of several U.S. Trademark Registrations relating to offering coffee, food, and related services in combination with the words IT'S A GRIND and LIFE'S A GRIND, at least at locations in San Leandro, Pleasanton, and Santa Rosa.

16. Plaintiff is the owner of U.S. Trademark Registration No. 8,151,390 for IT'S A GRIND for use in International Class 030: Coffee; Coffee based drinks; Coffee-based iced beverages; Espresso; Tea; Breakfast burritos; Matcha; and International Class 043: Coffee shops; Coffee and tea bars; Coffee bar services; Coffee shop services; Restaurant and café services; Coffee-house and snack-bar services, with a first use date

of July 1, 1995 ("the '390 Registration"). A true and correct copy of the '390 Registration is attached hereto as Exhibit B.

17. Plaintiff is the owner of U.S. Trademark Registration No. 8,303,277 for LIFE'S A GRIND WITHOUT OUR COFFEE for use in International Class 030: Coffee; Coffee based drinks; Coffee-based iced beverages; Espresso; Tea; Breakfast burritos; Matcha; and International Class 043: Coffee shops; Coffee and tea bars; Coffee bar services; Coffee shop services; Restaurant and café services; Coffee-house and snack-bar services, with a first use date of June 30, 2009 ("the '277 Registration"). A true and correct copy of the '277 Registration is attached hereto as Exhibit C.

18. Plaintiff is the owner of U.S. Trademark Registration No. 8,151,377 for IT'S A GRIND COFFEE HOUSE LOGO for use in International Class 030: Coffee; Coffee based drinks; Coffee-based iced beverages; Espresso; Tea; Breakfast burritos; Matcha; and International Class 043: Coffee shops; Coffee and tea bars; Coffee bar services; Coffee shop services; Restaurant and café services; Coffee-house and snack-bar services, with a first use date of July 22, 2013 ("the '377 Registration"). A true and correct copy of the '377 Registration is attached hereto as Exhibit D.

19. Plaintiff is the owner of U.S. Trademark Registration No. 2,970,338 for HIGH OCTANE for use in International Class 030: Coffee; coffee beans; coffee-based and espresso beverages with a first use date of July 1, 1995 ("the '338 Registration"). A true and correct copy of the '338 Registration is attached hereto as Exhibit E.

20. In addition to owning the '390 Registration, '277 Registration, '377 Registration, and '338 Registration, Plaintiff is the owner of associated common law rights relating thereto (collectively, "the GRIND Marks").

21. The GRIND Marks were initially used by Plaintiff's predecessor in interest, It's a Grind Coffee House in 1995.

22. In early 2025, Plaintiff acquired the rights to the GRIND Marks from Retail Food Group ("RFG").

23. RFG stopped using the GRIND Marks after transferring its intellectual

property portfolio and associated goodwill to Plaintiff, which included the GRIND Marks.

24. Marty Cox and his wife, Louise Montgomery, created the It's A Grind Coffee House brand and launched IAG Coffee Franchise, LLC to expand the concept through franchising. The brand grew to more than 100 locations across multiple states. Praise International North America, Inc., the North American affiliate of Gloria Jean's Coffees International, acquired the brand in July 2009. Retail Food Group acquired the brand in 2014, although some corporate records refer to acquisition in 2015, and integrated the brand with its other specialty coffee and food brands RFG operates the brand as a franchisor, which included allowing its franchisees to use the GRIND Marks.

25. Plaintiff's principal, Harshdeep Walia, became an It's a Grind Coffee House franchisee in December 2017.

26. Plaintiff acquired RFG's intellectual property relating to the brand, including the GRIND Marks through an asset sale from RFG.

27. At its peak, RFG, through its franchisees, had over 200 It's a Grind Coffee House locations across 15 states.

28. Plaintiff, and/or its predecessor in interest, has made extensive and continuous use of the GRIND Marks at least as early as 2013.

29. Plaintiff advertises its services, *inter alia*, via its website itsagrind.com ("Plaintiff's Website"). A true and correct copy of the home page of Plaintiff's Website is attached hereto as Exhibit F.

30. Through extensive and costly advertising, marketing, and promotion, the GRIND Marks have become recognized and relied upon by the relevant industry and purchasing public throughout the United States.

31. As a result, the GRIND Marks have become a valuable asset of Plaintiff, representing substantial goodwill and reputation of Plaintiff, Plaintiff's business activities, and Plaintiff's services.

## II. Defendants Infringing Activities

32. Defendants have no direct association with Plaintiff or its predecessor in interest RFG.

33. Upon information and belief, Defendants own and operate the Galt Location.

34. The Galt Location was formerly owned by Tim McCabe, and in 2020 the Galt Location opened as an It's A Grind Coffee House authorized by RFG.

35. Upon information and belief, in 2021, Mr. Bains purchased the Galt Location from Mr. McCabe, and Mr. Bains stopped operating the Galt Location under the name It's A Grind Coffee House.

36. When Mr. Bains took over the Galt Location, the franchise agreement that Mr. McCabe had with RFG was not transferred to Mr. Bains.

37. Mr. Bains has never been an It's A Grind Coffee House franchisee and has never entered into any franchise agreement, license agreement, or other authorization with Plaintiff or its predecessor in interest.

38. Starting in 2021, the Galt Location operated under the name Life's a Grind Coffee House and/or Life's Grind Coffee House.

39. From about 2021 to the present, the branding and terms used by or at the Galt Location has been in flux to some degree.

40. In 2026, the Galt Location was changing its branding and name, including using "Life's Grind" in some places. Defendants also continue to use It's A Grind Coffee House logos and images on some online ordering platforms, along with images associated with "Life's A Grind." Defendants' social media continues to include images and references to "It's A Grind Coffee House", "Life's A Grind," and "Life's Grind." Defendants' Facebook page also appears to state that "Life's Grind Coffee House" has been operating since 1994, which is not true.

41. Currently, the Galt Location offers its goods and services under the name LIFE'S GRIND COFFEE HOUSE, LIFE'S A GRIND COFFEE HOUSE and/or LIFE'S GRIND.

42. In 2026, Mr. Bains publicly announced plans to open an additional coffee shop, the Elk Grove Location, operating under the term(s) LIFE'S GRIND and/or LIFE'S A GRIND. In connection with these announcements, Mr. Bains made public statements referencing the Galt Location's It's A Grind brand and operating history.

43. The Galt Location also includes the term LIFE'S A GRIND WITHOUT OUR COFFEE on its beverage sleeves.

44. Further, the Yelp listing for the Galt Location clearly identifies itself as "LIFE'S A GRIND COFFEE HOUSE", with reviews as recent as May 28, 2026. A true and correct copy of the Yelp listing is attached hereto as Exhibit G.

45. Defendants' online order portal also uses the term LIFE'S A GRIND COFFEE HOUSE. A true and correct screenshot of Defendants' online order portal is attached hereto as Exhibit H.

46. Defendants offers for sale a coffee called HIGH OCTANE, which infringes the '338 Registration.

47. Defendant Mr. Bains, in an article published in the Sacramento Business Journal on May 29, 2026, indicated that Defendant Mr. Bains intended to open the Elk Grove location in July 2026, and the article stated that "Gurdeep Bains owns the coffee shop". A true and correct copy of the Sacramento Business Journal Article is attached hereto as Exhibit I.

48. On or about October 2024, Plaintiff provided goods to Defendants, and Defendants paid for the goods from a bank account operated by Twin Cities Espresso Inc.

49. On January 29, 2026, Defendant Mr. Bains filed U.S. Trademark Application Nos. 99621582 for LIFES GRIND, 99621571 for LIFES A GRIND, 99621589 for LIFES GRIND LOGOS, all for restaurants and café services ("Defendant's Applications"). All of Defendant's Applications identified Gurdeep Bains, an individual, as the applicant.

50. All of Defendant Mr. Bains's Applications were rejected by the U.S.

Trademark Office as being likely to cause confusion with Plaintiff's GRIND Marks.

51. Defendants' offer of goods and/or services under the GRIND Marks was and is not authorized in any way by Plaintiff.

52. Defendants' use of the terms IT'S A GRIND, LIFE'S GRIND, LIFE'S A GRIND, LIFE'S A GRIND WITHOUT COFFEE, and/or HIGH OCTANE creates a likelihood of confusion with the consuming public, especially in light of the Galt Location's former status as an IT'S A GRIND franchisee of Plaintiff's predecessor in interest.

**III. <u>Plaintiff's Attempt to Resolve the Dispute</u>**

53. Plaintiff has reached out multiple times to Mr. Bains in 2026 to demand that Mr. Bains cease and desist any actions that infringe the GRIND Marks.

54. Each time Plaintiff reached out to Defendants, Defendants either did not respond or provided a response that indicated to Plaintiff that an amicable resolution might be possible.

55. Defendants now refuse to stop using the GRIND Marks because they allege that they have invested substantially in the Elk Grove Location, including purchasing signage and other materials.

56. Upon information and belief, Defendants' use of IT'S A GRIND, LIFE'S GRIND, LIFE'S A GRIND, and/or LIFE'S A GRIND WITHOUT COFFEE has caused numerous instances of actual consumer confusion.

57. Defendants' promotion, display, offer, and provision of the Infringing Good and/or Services in connection with the terms IT'S A GRIND, LIFE'S GRIND, LIFE'S A GRIND, and/or LIFE'S A GRIND WITHOUT COFFEE on its storefront, website, and/or online are misleading.

58. Plaintiff is also in the process of developing a franchising operation, and Defendants' actions are impeding Plaintiff's efforts.

59. Upon information and belief, because of Defendants' unfair competition, some customers purchased Defendants' goods and/or services, believing that they were

associated with Plaintiff. As recently as September 2026, vendors have contacted Plaintiff because they believed that the Galt and/or Elk Grove Locations belonged to or were associated with Plaintiff.

60. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff is entitled to an injunction preventing Defendants from engaging in the above-described unlawful, unfair and/or fraudulent business acts or practices, and restitution in the amount of all of Defendants' profits earned in connection with the foregoing activities.

61. Defendants have failed to comply with Plaintiff's requests to cease and desist and have continued to use IT'S A GRIND, LIFE'S GRIND, LIFE'S A GRIND, and/or LIFE'S A GRIND WITHOUT COFFEE in connection with the Infringing Goods and/or Services.

## **CLAIMS FOR RELIEF**

## **FIRST CLAIM FOR RELIEF**

(Direct Trademark Infringement Pursuant to Section 32 of the Lanham Act)

62. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

63. Defendants have used IT'S A GRIND, LIFE'S GRIND, LIFE'S A GRIND, LIFE'S A GRIND WITHOUT COFFEE, and/or HIGH OCTANE in commerce in connection with offering and advertising of Defendants' Infringing Services.

64. Defendants' infringing use of the GRIND Marks has caused confusion, or caused mistake, or has deceived the public as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' Infringing Goods and Services by Plaintiff, all to the damage and detriment of Plaintiff's reputation and good will.

65. Defendants' use of the GRIND Marks without Plaintiff's consent constitutes direct Trademark Infringement pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114.

66. Plaintiff has suffered irreparable harm as a result of Defendants' tortious conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to a permanent injunction restraining Defendants, their agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

67. Defendants' acts were done intentionally and with knowledge of Plaintiff's rights, and thus constitute deliberate and willful infringement.

68. As a result of this Trademark Infringement, Plaintiff has sustained damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

## **SECOND CLAIM FOR RELIEF**

(Direct Trademark Infringement, False Designation of Origin and Unfair Competition Pursuant to Section 43(a) of the Lanham Act)

69. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

70. Defendants have used IT'S A GRIND, LIFE'S GRIND, LIFE'S A GRIND, LIFE'S A GRIND WITHOUT COFFEE, and/or HIGH OCTANE in commerce in connection with the offering and advertising of Defendants' Infringing Goods and Services throughout Defendants' website and online listings.

71. Defendants' use of the GRIND Marks has caused confusion, or caused mistake, or has deceived the public as to affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' Infringing Goods and Services by Plaintiff, all to the damage and detriment of Plaintiff's reputation and good will.

72. Defendants' use of the GRIND Marks without Plaintiff's consent constitutes direct Trademark Infringement, false designation of origin and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73. Plaintiff has suffered irreparable harm as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to a

permanent injunction restraining Defendants, their agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

74. Defendants' acts were done intentionally and with knowledge of Plaintiff's rights, and thus constitute deliberate and willful infringement.

75. As a result of this Trademark Infringement, Plaintiff has sustained damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

**THIRD CLAIM FOR RELIEF**

(Common Law Trademark Infringement)

76. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

77. Defendants' use of the GRIND Marks without Plaintiff's consent constitutes Trademark Infringement pursuant to California common law.

78. Plaintiff has suffered irreparable harm as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to a permanent injunction restraining Defendants, their agents, employees, representatives, and all other persons acting in concert with them from engaging in further such infringing acts.

79. Defendants' acts were done intentionally and with knowledge of Plaintiff's rights, and thus constitute deliberate and willful infringement.

80. As a result of this Trademark Infringement, Plaintiff has sustained damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**

(Common Law Unfair Competition)

81. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

82. Defendants' use of the GRIND Marks without Plaintiff's consent constitutes unfair competition under common law.

83. Plaintiff has suffered irreparable harm as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to a permanent injunction restraining Defendants, their agents, employees, representatives, and all other persons acting in concert with them from engaging in further such unlawful acts.

84. Defendants' acts were done intentionally and with knowledge of Plaintiff's rights.

85. As a result of this Unfair Competition, Plaintiff has sustained damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**

(Unfair Competition – Pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*)

86. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

87. Defendants' conduct as stated herein constitutes unfair methods of competition and/or unfair, unlawful, fraudulent and/or deceptive business acts or practices in the conduct of any trade or commerce in violations of California Business and Professions Code § 17200.

88. Defendants' conduct, in violation of California Business and Professions Code § 17200, *et seq.*, has caused public confusion, deception, mistake, and infringes Plaintiff's rights, including its Registered Trademark and good will associated with it.

89. Plaintiff has suffered irreparable harm as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to a permanent injunction restraining Defendants, their agents, employees, representatives, and all other persons acting in concert with them from engaging in further such unlawful acts.

90. Plaintiff is entitled to restitution in the amount of all of Defendants' profits earned in connection with its activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered in its favor and against Defendant as follows:

a) That judgment be entered in favor of Plaintiff and against Defendants on each claim made in the Complaint;

b) That the Court order that Defendants, their officers, agents, directors, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, be immediately and permanently enjoined from directly or indirectly infringing the GRIND Marks;

c) That Plaintiff be awarded the damages that Plaintiff has sustained and the profits that Defendants have derived as a result of their Trademark Infringement, false designation of origin, unfair competition and other misconduct specified herein, in an amount to be determined at trial;

d) That Plaintiff be awarded treble damages in accordance with section 35 of the Lanham Act, 15 U.S.C. § 1117, and/or awarded exemplary or punitive damages as is deemed appropriate because of the willful and intentional nature of Defendants' conduct;

e) That Plaintiff be awarded prejudgment interest, post judgment interest, and taxable costs of this action, including Expert Witness fees, together with attorneys' fees, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

f) That Defendants be ordered to make restitution to Plaintiff for any unjust enrichment caused by virtue of their unlawful conduct as complained of herein; and

g) That Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated: October 27, 2026

/Marc E. Hankin/

Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**IT'S A GRIND INTERNATIONAL, LLC**

## DEMAND FOR JURY TRIAL

IT'S A GRIND INTERNATIONAL, LLC hereby demands trial by jury on all claims and issues so triable.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated: October 27, 2026

/Marc E. Hankin/

Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**IT'S A GRIND INTERNATIONAL, LLC**